IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROSE CASE,                              )
                                        )
            Plaintiff,                  )
                                        )   CIVIL ACTION
v.                                      )
                                        )   No. 09-2058-KHV-GBC
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )
_____)

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423(hereinafter the Act). Finding the ALJ did not explain, and the court cannot follow, the ALJ's reasoning with regard to the opinion of a nurse practitioner which might affect the outcome of the case, the court recommends the decision be REVERSED and the case be REMANDED for the Commissioner to ensure that the opinion is properly considered and explained.

**I. Background**

Plaintiff's application for DIB was denied initially and upon reconsideration, and plaintiff's untimely request for a

hearing before an administrative law judge (ALJ) was granted. (R. 11, 19, 20, 31-35, 49-50, 56). Plaintiff, who was represented by an attorney, appeared and testified at a hearing on September 5, 2008. (R. 11, 211-47). A vocational expert and a medical expert also appeared and testified at the hearing. Id.

On October 28, 2009, ALJ Susan Blaney issued a decision finding that plaintiff was insured for DIB benefits only through December 31, 2005, and that although plaintiff is unable to perform her past relevant work, she was able, during the relevant period through her date last insured, to perform other work that exists in significant numbers in the economy. (R. 11-18). Plaintiff disagreed with the decision and sought but was denied Appeals Council review. (R. 3-7). Therefore, the ALJ decision is the Commissioner's final decision. Id.; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review.

**II. Legal Standard**

The court's review is guided by the Act. 42 U.S.C. § 405(g). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v.

Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. § 404.1520 (2008); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520. This assessment is used at both step four and step five of the sequential evaluation process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751

n.2. At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Here, plaintiff claims only that the ALJ erred by not considering the opinion of plaintiff's nurse practitioner, Amy Frick, and that, consequently the hypothetical question propounded to the VE is also erroneous. (Pl. Br. 16-18). The Commissioner acknowledges that the ALJ's decision did not mention nurse practitioner Frick's opinion. (Comm'r Br. 6). He argues that the ALJ was aware of Ms. Frick's opinion and stated that she had considered the medical source opinions(thus including Ms. Frick's opinion). Id. He argues that Ms. Frick's opinion was formulated on July 28, 2008 (two and one-half years after plaintiff's date last insured), and relied heavily upon plaintiff's degenerative disc disease (which was not diagnosed until 2007, more than a year after plaintiff's date last insured). Id. at 7. Moreover, he argues that the decision in context makes clear that the ALJ found Ms. Frick's opinion was not relevant to the determination of plaintiff's condition before plaintiff's date last insured--December 31, 2005. (Comm'r Br. 7-9). He then explains how, in his view, the evidence relevant to plaintiff's condition before her date last insured supports the decision that plaintiff is not disabled. Id. at 9-11. Finally, the Commissioner asserts that even if the decision presents "an

arguable deficiency in opinion writing, . . . a court is not required to remand when such remand 'would lead to unwarranted remands needlessly prolonging administrative proceedings.'" (Comm'r Br. at 11)(quoting <u>Fischer-Ross v. Barnhart,</u> 431 F.3d 729, 730 (10th Cir. 2005)).

**III. Analysis**

There is a surface appeal to the Commissioner's argument that Ms. Frick's opinion relied heavily on plaintiff's degenerative disc disease and is not relevant to the time period before plaintiff's date last insured. However, in stating that Ms. Frick "so heavily relied" upon degenerative disc disease (Comm'r Br. 7), or that Ms. Frick's opinion was "based heavily" upon the 2007 diagnosis of degenerative disc disease, <u>id.</u> at 8, the Commissioner is tacitly admitting that Ms. Frick did not <u>exclusively</u> rely upon, and that Ms. Frick's opinion is not based <u>exclusively</u> upon the diagnosis of degenerative disc disease. The Physical Residual Functional Capacity Assessment form completed by Ms. Frick reveals her reliance on degenerative disc disease in assessing plaintiff's limitations. (R. 194). However, it is equally clear that Ms. Frick is of the opinion that plaintiff's limitations are, at least partially, due to "fatigue due to hypothyroidism & CAD[coronary artery disease] ___, gets tired easily due to heart and back conditions." (R. 195). Moreover, in the portion of the form relating to "Symptoms," Ms. Frick

asserts she "Addressed all complaints -- DDD, CAD/cardiac stents, hypothyroidism." (R. 199).

Although the evidence supports the ALJ's finding (and the Commissioner's assertion) that degenerative disc disease was diagnosed well after plaintiff's date last insured, the ALJ also found that plaintiff's severe impairments included a thyroidectomy in June, 2003, and a myocardial infarction requiring angioplasty and stenting of two arteries in March 2004, both occurring before plaintiff's date last insured. (R. 12-13). Thus, Ms. Frick's opinion is some medical evidence of limitations which were the result of the thyroidectomy and the cardiac stents and which might have limited plaintiff's abilities before her date last insured. Despite this evidence, the ALJ did not in any way discuss Ms. Frick's opinion.

As plaintiff argues and the Commissioner admits, an ALJ must either explain the weight accorded the opinions of "other" medical sources who are not "acceptable medical sources," including nurse practitioners such as Ms. Frick, or must otherwise ensure that the court may follow the ALJ's reasoning. (Pl. Br. 16-17); (Comm'r Br. 5-6); <u>see also</u>, Soc. Sec. Ruling (SSR) 06-3p, West's Soc. Sec. Reporting Serv., Rulings 327-34 (Supp. 2009)(Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources;" and <u>Frantz v. Astrue</u>, 509 F.3d 1299 (10th Cir. 2007)(remanding for consideration of a

-7-

nurse practitioner's opinion in light of SSR 06-3p). The Commissioner admits the ALJ did not explain his consideration of Ms. Frick's opinion, but argues that the decision demonstrates Ms. Frick's opinion is not relevant to the period before plaintiff's date last insured. As discussed above, Ms. Frick's opinion is at least potentially relevant to the period before plaintiff's date last insured. Therefore, it is incumbent upon the ALJ to explain the basis for her apparent finding that the opinion is not relevant to the period at issue. She did not do so, and remand is necessary for a proper explanation.

The Commissioner argues that Ms. Frick's opinion was completed five years after plaintiff's alleged onset date, eight years after plaintiff stopped working, and two and one-half years after plaintiff's date last insured. He notes that the medical expert testified there were minimal clinical findings in 2007, and the ALJ found that the conditions diagnosed and developed after the date last insured could not support a finding of disability. While these arguments might constitute grounds to discount, or even reject, Ms. Frick's opinion, the ALJ did not discount or reject Ms. Frick's opinion--she did not even discuss it. The court must evaluate a decision based solely on the rationale provided therein. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). It may not accept counsel's post hoc rationalization and affirm the decision on a basis other than

that presented in the Commissioner's decision.  SEC v. Chenery Corp., 318 U.S. 80 (1943); see also, Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005)(reviewing court may not create post hoc rationalization); Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985)(decision may not be affirmed on basis of appellate counsel's post hoc rationalizations).

The Commissioner also relies upon the ALJ's statement that the evidence contained "no opinion that claimant was under a disability at any time relevant to this decision." (R. 15).  In point of fact, however, the ALJ's statement cuts against the Commissioner's argument, because Ms. Frick's opinion (that plaintiff cannot sit, stand, and walk a total of eight hours in a workday)(R. 194) necessarily implies that plaintiff is disabled.  If the ALJ's statement indicates she did not consider Ms. Frick's opinion, she violated the requirements of SSR 06-3p, and remand is necessary to properly consider the opinion.  If the statement indicates the ALJ's understanding that Ms. Frick's opinion would not result in a finding of disability, the ALJ misunderstood the opinion, and remand is necessary because the evidence does not support the finding.  If the statement indicates the ALJ believes Ms. Frick's opinion does not refer to plaintiff's condition at a time relevant to the decision, that finding cannot stand because, as discussed above, Ms. Frick's opinion at least potentially

relates to the relevant time period, and the ALJ must explain how she determined the opinion does not relate to that time period.

As the court's evaluation of the possibilities amply demonstrates, the ALJ neither explained the weight accorded to Ms. Frick's "other" medical source opinion, nor provided sufficient rationale for the court to determine how she treated the opinion. Therefore remand is necessary for the Commissioner to adequately explain the evaluation of the opinion. The court does not intend to imply that the Commissioner must accord substantial weight to the opinion, or even that the Commissioner must find the opinion necessarily relates to the relevant time period. Rather, the Commissioner must properly evaluate the opinion, explain the weight accorded to the opinion, and support his rationale with substantial evidence in the record as a whole.

Despite the Commissioner's implication that a remand in this case would be unwarranted and would needlessly prolong the proceedings, the court finds that remand is necessary in this case. SSR 06-3p requires the Commissioner to explain the weight accorded opinions of "other" sources or ensure that a court may follow the adjudicator's reasoning in considering the opinion. As discussed above, the ALJ in this case did not do so. The court may not weigh the evidence in the first instance, or substitute its judgment for that of the Commissioner. Cagle v. Califano, 638 F.2d 219, 220 (10th Cir. 1980)(citing Consolo v.

Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966)); see also, Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996)("this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration"). Therefore, remand is necessary for the Commissioner to perform his duty of weighing the record evidence.

**IT IS THEREFORE RECOMMENDED** that the decision of the Commissioner be REVERSED, and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 23rd day of November 2009, at Wichita, Kansas.

        s:/ Gerald B. Cohn
        **GERALD B. COHN**
        **United States Magistrate Judge**